UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
2019 MAR 26 PM 2: 14

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL NO. 1:18-CR-0013-GNS |
| CHRISTOPHER BRANDON PETTY | DEFENDANT |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, the United States of America, by Russell M. Coleman, United States Attorney for the Western District of Kentucky, and defendant, Christopher Brandon Petty, and his attorney, Scott Wendelsdorf, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 18, United States Code, Sections 2251(a), 2252A(a)(2)(B), 2252A(a)(5)(B), 2422(b), and 2423(b). Defendant further acknowledges that the Indictment in this case seeks forfeiture of all of the rights, title, and interests in any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property, pursuant to Title 18, United States Code, Section 2253(a)(3), by reason of the offenses charged in Counts 1, 4, 5 and 6 of the Indictment.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to Counts 2, 3, 5, and 6 in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

On or about October 27, 2017 through October 29, 2017, Petty, a 32-year-old man who lived in Bowling Green, Kentucky, traveled to Portland Oregon to meet with J.S., a fifteen-year-old female, where they engaged in sexual intercourse on at least two occasions. During a forensic interview, J.S. stated she met Petty online approximately one year before they met in Oregon. That puts their initial meeting no earlier than October 2016. She said things got sexual after a few months of their meeting.

J.S. stated she sent nude photographs of herself to Petty via the online social media platform Instagram. A forensic review of her phone shows that she created and sent the photographs on August 22, 2017 and September 7, 2017. J.S. further stated she and Petty had vaginal sexual intercourse during Petty's visit to Oregon in October. The age of consent in Oregon is 18 years old. Pursuant to Oregon Code § 163.355, a person commits rape in the 3rd degree if he is over 18 years old and engages in sexual intercourse with a person under 16 years old. Petty was aware of J.S.'s age because her parents communicated with him via cell phone and told him she was under 16 years old. A review of J.S.'s cell phone revealed text communications between her and Petty, where Petty repeatedly professed his love for J.S. and how he wanted to be there for her when she woke up in the morning and went to bed at night.

Special Agent Laferte reviewed a hard drive recovered from Petty's residence in Bowling Green during the execution of a state search warrant. The warrant was executed on November 20, 2017. A review of the hard drive revealed 199 sexually explicit images of the victim and 562

child pornography images of others for a total of 829 child pornography images. The search also revealed a flight itinerary for his trip to Oregon, which included bringing the plan B pill.

4. Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of 10 years, a combined maximum term of life, a combined maximum fine of $1,000,000, and supervised release of at least 5 years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit all of the rights, title, and interests in any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being

drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8. Defendant understands that the United States Attorney's Office has an obligation to apprise fully the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9. The defendant understands that he may be responsible for a fine, costs of prosecution, costs of incarceration, and supervision that may be required.

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $400 to the United States District Court Clerk's Office by the date of sentencing. Defendant further acknowledges that he is mandated to pay a $5,000 special assessment per count pursuant to Title 18 U.S.C. § 3014, if the Court finds that he is non-indigent.

11. At the time of sentencing, the United States will

-move for dismissal of Counts 1 and 4 of the Indictment.

-agree that a sentence of 185 months' imprisonment is the appropriate disposition of this case.

-agree to a term of supervised release of 5 years following the completion of the term of imprisonment.

- The parties do not agree on whether the 5 level enhancement of 4B1.5(b)(1), for repeat and dangerous sex offenders, applies in this case. The agreed upon sentence of 185 months takes this into account.

-recommend that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing.[1]

-agree that a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b) is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-agree that the defendant will not contact or attempt to contact the victim or the victim's family either directly or indirectly during his period of incarceration and supervised release.

-demand forfeiture of all of the items listed in paragraph 14.

12. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A. The Applicable Offense Level should be determined as follows:

**Group 1: Enticement and Travelling**
| | | |
|---|---|---|
| 28 | 2G1.3(a)(3) | base offense level |
| +2 | 2G1.3(b)(2)(B) | undue influence based on age difference |
| +2 | 2G1.3(b)(3) | use of a computer |
| +2 | 2G1.3(b)(4)(A) | commission of a sex act |
| 34 | Subtotal (1 Unit) | |

**Group 2: Receipt, and Possession of child pornography**
| | | |
|---|---|---|
| 22 | 2G2.2(a)(2) | base level for receipt |
| -2 | 2G2.2(b)(1) | no trafficking of the material |
| +2 | 2G2.2(b)(2) | prepubescent images |
| +4 | 2G2.2(b)(4)(B) | abuse of a toddler |
| +2 | 2G2.2(b)(6) | use of a computer |
| +5 | 2G2.2(b)(7)(D) | over 600 images of child pornography |
| 31 | Subtotal (1 Unit) | |

**Grouping of Multiple Counts**

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

| | |
|---|---|
| 34 | 3D1.4 – The Group with the highest offense level |
| +2 | 3D1.4 – Two total units for the two groups |
| 36 | |

Acceptance of responsibility
| | |
|---|---|
| -3 | 3E1.1(a) and (b) – acceptance of responsibility |
| 33 | Total offense level |
| | |
| +5 | 4B1.5(b)(1) – pattern of abuse |
| 38 | Adjusted offense level |

    B.    The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

    13.    Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

    14.    Defendant agrees to the forfeiture of any interest he or his nominees may have in the following assets which he owns or over which he exercises control:

    a.    116GB Scandisk Cruzer USB drive, Serial No.: BL1001NXJB;

    b.    Red Western Digital external hard drive, Serial No.: WX41A20N0347;

c. HP Pavilion DV6 laptop, Model No.: DV6-2155DX; Serial No.: CNF0058QZ1;

d. 1TB Hitachi hard drive, Model No.: HDT721010SLA260; Serial No.: MS2R155S;

e. ZTE Cellular telephone with GoPhone SIM/MicroSD #89014104270155320285; and

f. Scandisk 16GB micro SD card.

15. By this Agreement, defendant agrees to forfeit all interests in the properties listed in paragraph 14 above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

16. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

17. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed so that at sentencing the Court will have the benefit of all relevant information.

18. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

19. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

20. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

21. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

22. If the Court refuses to accept this agreement and impose a sentence in accordance with its terms or dismiss Counts 1 and 4 according to the United States' motion pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

23. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

24. The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (42 USC §§ 16901 *et. seq*), the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that he must notify the relevant registration authority with information relating to intended travel outside the United States. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

25. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been

or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

_____  _3/26/19_
A. Spencer McKiness                Date
Assistant United States Attorney

    I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____  _3/26/19_
Christopher Brandon Petty          Date
Defendant

    I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____  _3/26/19_
Scott Wendelsdorf                  Date
Counsel for Defendant

RMC:ASM