UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA                                      PLAINTIFF

v.                                                     CRIMINAL NO. 1:18-CR–13-GNS

CHRISTOPHER BRANDON PETTY                                DEFENDANT

**SENTENCING MEMORANDUM**
*ELECTRONICALLY FILED*

The United States of America files its memorandum in support of sentencing in this action currently scheduled for June 19, 2019.

## I. Introduction

The United States is asking the Court to impose a sentence of 185 months' imprisonment, followed by 5 years' of supervised release.

## II. Factual Background

Christopher Brandon Petty was a 32-year old man engaged in a sexual relationship with a then fifteen-year-old girl. He met her online, professed his love for her, and received sexually explicit photographs from her. In October of 2017, Petty flew from Kentucky to Oregon to meet with the victim for sex. While in Oregon, Petty had sex with the victim in a hotel room. The age of consent in Oregon is 18 years old. Pursuant to Oregon Code § 163.355, a person commits rape in the 3rd degree if he is over 18 years old and engages in sexual intercourse with a

1

person under 16 years old. Petty was aware of the victim's age at all relevant times.

The FBI executed a state search warrant at Petty's residence in Bowling Green, Kentucky on November 20, 2017. The FBI reviewed a hard drive recovered during the execution of the warrant. The review revealed 199 sexually explicit images of the victim and 562 child pornography images of others for a total of 829 child pornography images.

### III. Crimes of Conviction

On March 26, 2009, Petty pleaded guilty to Counts 2, 3, 5, and 6 of the Indictment. Count 2 charged Enticement of a minor. Count 3 charged Travel with Intent to Engage in Illicit Sexual Conduct with a Minor. Count 5 charged Receipt of Child Pornography. Count 6 charged Petty with Possession of Child Pornography. Petty pleaded guilty pursuant to a binding "C" plea agreement. At the sentencing hearing, the government will move to dismiss Counts 1 and 4 of the Indictment if the Court accepts the parties' plea agreement.

**A. Statutory sentencing provisions**

The above charges carry a combined minimum term of imprisonment of 10 years, a combined maximum term of life, a combined maximum fine of $1,000,000, and supervised release of at least 5 years and up to any number of years, including life.

## IV. Criminal History

The United States concurs with the criminal history calculation of a Category I as prepared by the United States Probation Office.   (DN 41, PSR at para. 91).

## V. Guidelines Calculations

The United States concurs with the guideline calculation of an offense level 38 as prepared by the United States Probation Office.   (DN 41, at paras. 65 and 91).   The corresponding sentencing range for an offense level 38 with a Criminal History Category I is 235-293 months' imprisonment.   The United States agreed in the plea agreement that a sentence of 185 months was reasonable in this case.   A sentence of 185 months would fall into the mid-range for an offense level 35, and would therefore require a 3-level downward variance.

## VI. Appropriate Sentence

The United States is asking the Court to sentence Petty to 185 months' imprisonment to be followed by five years of supervised release.   In negotiating the plea agreement, the parties could not agree on whether to apply the 5-level pattern enhancement of 4B1.5(b)(1) for sexual conduct that occurred during Petty's sexual encounter with the victim.   The parties could not agree, nor could we find good authority, on how to define an "occurrence" in this case.

Without the 5-level enhancement, the guideline offense level would be 33 with a corresponding guideline range of 135-168 months.   With the 5-level enhancement, the guideline offense level would be 38 with a corresponding

3

guideline range of 235-293 months.

Because the parties could not agree on whether to apply the pattern enhancement, the parties agreed to split the difference between the two calculations. There is a 100-month difference between the low-end sentences for an offense level 33 and 38. A split sentence would therefore be 50 months above the low end for a sentence without the pattern enhancement and 50 months below the low end for a sentence with the pattern enhancement, for a total sentence of 185 months.

A sentence of 185 months corresponds to a midrange sentence for an offense level 35, or a 3-level downward variance. A sentence of 185 months followed by a 5-year term of supervised release is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

## VII. Conclusion

The parties agreed, in a binding "c" plea, that the appropriate sentence in this case is 185 months' imprisonment followed by a 5-year term of supervised release. The United States humbly requests this Court accept the plea agreement and sentence Petty accordingly. Restitution is not an issue in this case.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

/s/ *A. Spencer McKiness*
A. Spencer McKiness
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
PH:  (502) 582-6006
FAX: (502) 582-5067

CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

/s/ *A. Spencer McKiness*
A. Spencer McKiness
Assistant U.S. Attorney